ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| GLJ, Inc. | ) ASBCA No. 62964 |
| | ) |
| Under Lease No. DACA45-5-16-00059 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Gary L. James
                                 Secretary/Treasurer

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
                                 Engineer Chief Trial Attorney
                                 Melissa M. Head, Esq.
                                 Thomas J. Tracy, Esq.
                                 Engineer Trial Attorneys
                                 U.S. Army Engineer District, Omaha

OPINION BY ADMINISTRATIVE JUDGE STINSON ON
THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Appellant GLJ, Inc. (GLJ), appealed a contracting officer's denial of its claim in the amount of $18,810, alleging damages to GLJ's property arising out of a Land Lease with the government (R4, tabs 4-5).[1]  The United States Army Corps of Engineers (USACE or government), requests summary judgment based upon a settlement agreement entered between GLJ and the government after Alternative Dispute Resolution (ADR) proceedings at the Board.  We previously denied GLJ's motion for summary judgment by decision dated April 21, 2022, *GLJ, Inc.*, ASBCA No. 62964, 22-1 BCA ¶ 38,121, knowledge of which is presumed.  For the reasons set forth below, we grant the government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

*Parties Enter Into Land Lease Agreement*

1.  On September 20, 2016, GLJ entered Land Lease No. DACA45-5-16-00059 (the Land Lease) with the USACE Engineer District, Omaha (R4, tab 1 at 1).  Pursuant to that agreement, GLJ leased to the government land located in the Cottonwood Hills Addition to LaGrange Township, Missouri Valley, Harrison County, Iowa (*id*.).  The purpose of the Land Lease was to allow the government access to 16 environmental

---

[1] The government numbered the tabs in the Rule 4 file, as well as the individual page numbers, with leading zeros, e.g. "001," and "00001."  For simplicity, we have dropped the leading zeros.

"Monitoring Wells" (R4, tab 1 at 1, tab 5 at 13). The lease term commenced May 1, 2016, and ran through April 30, 2017, but was to remain in force thereafter from year to year, until April 30, 2021 (R4, tab 1 at 1). The government agreed to pay GLJ $3,120 per lease year (*id.*). Paragraph 10 of the Land Lease, entitled "DISPUTES," stated that "[t]his lease is subject to the Contracts Disputes Act of 1978 [CDA], as amended (41 U.S.C. § 7101 *et. al.*) and is governed according to federal law" (*id.* at 2).

*GLJ Claim Submission*

2. By letter dated March 18, 2021, addressed to Heidi Durako, Project Manager, Army Corps of Engineers, Omaha District, GLJ stated that "[a]ctions by the Government's employees or agents in the exercise of the Right-of-Entry have resulted in damage to the real property," and that "[t]he provisions of the contract dated April 6, 2017 allow the Owner to make a claim under applicable laws for any damages pursuant to Right-of-Entry" (R4, tab 2). GLJ alleged a loss of $18,810, based upon a reduction in crop production for the years 2018-2020 (*id.*).

*Government Issues Final Decision*

3. By letter dated June 14, 2021, Amanda M. Simpson, Acting Chief, Real Estate Division, Real Estate Contracting Officer, issued a final decision denying GLJ's claim (R4, tab 5). Ms. Simpson stated, in part:

> We have reviewed your claim and find that the wells were installed in the locations shown on the exhibit attached to the lease and that the Government's operations and activities were consistent with the normal operations approved by the lease. Condition 9 of the Army Lease sets forth the standard for establishing damages under the lease. That condition specifically states the 'The Government shall be liable only for damage resulting from negligence or misconduct of Government personnel or its agents, contractors, or assigns.' You have not alleged nor provided any evidence of Government negligence or misconduct so your claim is hereby denied.

(*Id.*)

*With Land Lease Agreement About to Expire, Parties Enter Into New Right of Entry Agreement*

4. On March 23, 2021, GLJ and the USACE entered into a new agreement, No. DACA45-9-21-00014, entitled "Department of the Army Right-Of-Entry for Environmental Assessment and Response" (the "Right of Entry Agreement") (R4,

2

tab 7[2] at 1-2).  Pursuant to the Right of Entry Agreement, GLJ granted the government "an irrevocable and assignable right to enter in, over and across the land described below, for a period not to exceed 60 months, beginning with the date of the signing of this instrument" (R4, tab 7 at 1).

*Parties Agree to ADR*

5.  In June 2022, the parties requested mediation of their dispute under the Land Lease pursuant to the Board's ADR procedures (Agreement to Utilize the Mediation Procedure Under Addendum II of the ASBCA dtd. Jun. 28, 2022).  On August 3, 2022, the parties participated in an ADR mediation before an ASBCA administrative judge (R4, tab 8 at 2).

*Parties Agree to Settle Land Lease Claim and Enter into Settlement Agreement*

6.  Subsequent to ADR mediation, the parties entered into a written settlement agreement "[f]or the purpose of disposing of the Parties' appeals [sic], without any further proceedings and without there being any further adjudication of any issue of law or fact, and without constituting any admission of liability on the part of any party" (R4, tab 8 at 1).  The settlement agreement was signed by appellant on August 24, 2022, and by the government on August 25, 2022 (R4, tab 8 at 7).

7.  Regarding payment, the settlement agreement provided:

> In full and complete satisfaction of the above-described Appeals [sic], the Government agrees to pay in the amount of Ten Thousand Dollars and 0/100 Cents ($10,000.00), which includes all liquidated damages (the "Settlement Amount"), which shall be paid no later than Forty-five (45) days from the Effective Date of this Agreement.

(R4, tab 8 at 2)

---

[2] On February 14, 2022, the government submitted a Rule 4 supplement containing one additional document – tab 7, titled "Photos of claimed damages dated May 10, 2021."  On June 28, 2022, the government submitted a second Rule 4 supplement containing tabs 7-9, with a different document – the Right of Entry Agreement – reproduced in tab 7.  Our citations to tab 7 in this decision refer to the Right of Entry Agreement.

8. Regarding dismissal of this appeal, the settlement agreement provided:

> GLJ consents to dismiss with prejudice ASBCA
> No. 62964, and shall within Ten (10) days after payment in
> full of the Settlement Amount file with the ASBCA a
> motion for dismissal of the Appeal with prejudice. If such
> request is not filed by GLJ within Ten (10) days of receipt
> of payment in full of the Settlement Amount, the
> Government may move to dismiss the appeals with
> prejudice, and GLJ will not oppose such motion.

(R4, tab 8 at 2-3)

9. Regarding release of claims, the settlement agreement provided:

> Upon execution of the Settlement, GLJ hereby releases,
> irrevocably waives, and abandons all claims against the
> United States, its political subdivisions, its officers, agents,
> and employees, arising out of or related to the Lease,
> whether known or unknown, regardless of whether they
> were included in the claim or complaint, including but not
> limited to any claims for costs, interest, expenses, attorney
> fees under the Equal Access to Justice Act (EAJA) and
> damages of any sort.

(R4, tab 8 at 3)

10. By letter dated September 28, 2022, entitled "RELEASE FORM," the government provided appellant a United States Treasurer's Check dated September 20, 2022, "in the amount of $10,000.00, for your claim filed in March 2021," noting that "[t]he amount represents payment negotiated for settlement at the ADR on August 3, 2022" (R4, tab 9 at 1).

11. The September 28, 2022, letter, also included a provision entitled "ACCEPTANCE BY CLAIMAINT," which stated:

> I hereby accept the within stated award, compromise, or
> settlement as final and conclusive and agree that
> acceptance constitutes a complete release by me of the
> claim filed on March 18, 2021, against the United States
> and against any employee of the Government whose act or
> omission gave rise to the claim, by reason of the same
> subject matter.

4

(*Id*.)  Mr. Gary James signed the ACCEPTANCE BY CLAIMANT provision on September 29, 2022 (*id*.).

12.  On January 24, 2024, the Board held a telephone conference with the parties to discuss the status of the appeal.  The government subsequently filed its motion for summary judgment on February 21, 2024 (gov't mot.).  Appellant filed its response in opposition to the government's motion on March 1, 2024 (app. opp'n), and the government filed its reply brief on April 22, 2024 (gov't reply).

DECISION
### I.  Standard of Review

"Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *First Commerce Corp. v. United States*, 335 F.3d 1373, 1379 (Fed. Cir. 2003); FED. R. CIV. P. 56(a).  "The moving party bears the burden of establishing the absence of any genuine issue of material fact . . ." *Bubble Room, Inc. v. United States*, 159 F.3d 553, 561 (Fed. Cir. 1998).  A party challenging a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank or Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).  "[A]ll significant doubt over factual issues must be resolved in the opposing party's favor." *Bubble Room*, 159 F.3d at 561.

### II.  Contentions of the Parties

The government seeks summary judgment based upon the terms of its settlement agreement with GLJ, as well as GLJ's acceptance of a check in the amount of $10,000 in settlement of its claims, and GLJ's signed release of claims (gov't mot. at 4-5).  Appellant does not challenge the government's assertions regarding the parties' settlement agreement or appellant's acceptance of a check in release of its claims brought pursuant to the Land Lease (app. opp'n at 1).  Instead, appellant asserts that during the August 3, 2022, ADR, the parties also discussed "settlement regarding hay production on land covered by **ROE DACA45-9-21-0-00-114**" – the Right of Entry Agreement (app. opp'n at 1) (emphasis supplied by appellant).  Appellant states that "[t]he terms of this second agreement included a guaranteed payment of 4 large bales per acre, with adjustments based upon actual production and USDA hay value," and that "[b]oth parties verbally agreed to this solution during the ADR meeting but were [sic] never formalized into a written contract despite Mr. [Phillip] Jackman's commitment" (*id*.).[3]  The government responds "[t]o the extent that GLJ, Inc., may

---

[3] Phillip Jackman is a manager within the Army's Formerly Used Defense Sites Program (app. opp'n at 1-2).

have alleged claims for crop losses or damages experienced under a later Right of Entry, those claims cannot be pursued under the Contract Disputes Act, and the Board does not have jurisdiction to consider them" (gov't mot. at 4-5).

### III. The Parties have Settled, and GLJ has Released, All Claims GLJ Asserted Under the Land Lease

It is well established that "[a] settlement agreement is a contract, which we interpret as a matter of law." *Supreme Foodservice GMBH*, ASBCA No. 57884, *et al.*, 16-1 BCA ¶ 36,387 at 177,394 (citing *Slattery v. Dep't of Just.*, 590 F.3d 1345, 1347 (Fed. Cir. 2010) (additional citations omitted)). Here, the settlement agreement included a release, which "is interpreted in the same manner as any other contract term or provision." *Bell BCI Co. v. United States*, 570 F.3d 1337, 1341 (Fed. Cir. 2009). Where "a release's terms are clear and unambiguous, we are to give them their plain and ordinary meaning, without resort to extrinsic evidence." *Supreme Foodservice GMBH*, 16-1 BCA ¶ 36,387 at 177,394 (citations omitted).

The settlement agreement is unambiguous in its terms, releasing all appellant's claims arising under the Land Lease (SOF ¶ 9). The same is true regarding the Release Form signed by Mr. Gary on September 29, 2022 (SOF ¶¶ 10-11). Appellant does not contest the fact that it entered into a settlement agreement covering the claims it asserted pursuant to the Land Lease (app. opp'n at 1) - which are the subject of this appeal. GLJ's opposition brief contains no challenge to the enforceability of the settlement agreement or any argument that it is somehow inoperable. Indeed, appellant signed the settlement agreement on August 24, 2022, 21 days after the August 3, 2022, ADR proceedings and acquiesced to its terms (SOF ¶¶ 5-6). Appellant also admits in its Statement of Undisputed Material Facts that it "readily accepted" the $10,000 check in settlement of its claims (app. opp'n at 1).[4]

Pursuant to the settlement agreement, GLJ consented "to dismiss with prejudice ASBCA No. 62964" and to, within 10 days after payment of the settlement amount, "file with the ASBCA a motion for dismissal of the Appeal with prejudice" (SOF ¶ 8). In the event GLJ did not seek dismissal within 10 days of receipt of payment in full of the settlement amount, the settlement agreement granted the government the right to "move to dismiss the appeals [sic] with prejudice," and stated that "GLJ will not oppose such [a] motion" (*id.*). After receipt of payment, appellant did not seek dismissal of the appeal and, accordingly, the government now seeks summary judgment on GLJ's Land Lease claims (gov't mot. at 1, 3). The government's motion is a proper exercise of its right to dismiss the appeal pursuant to the terms of the

---

[4] Appellant did not challenge (or even discuss) any of the factual assertions set forth in the government's Statement of Undisputed Material Facts set forth in the government's motion (*see* gov't mot. at 1-3, ¶¶ 1-10; app. opp'n at 1-2).

settlement agreement, a right which appellant expressly agreed not to oppose. Based upon the above, we conclude that the government is entitled to summary judgment here. *Colorado River Materials, Inc.*, ASBCA No. 57751, 13-1 BCA ¶ 35,233 at 172,992 (granting summary judgment to the government based upon settlement agreement's release and accord and satisfaction); *Supreme Foodservice GMBH*, 16-1 BCA ¶ 36,387 at 177,394 ("An unambiguous release in a settlement agreement can be amenable to summary judgment") (citations omitted).

IV. <u>The Board Lacks Jurisdiction to Adjudicate Any Claims Arising Out of the Right of Entry Agreement or Enforce the Alleged Verbal Agreement Discussed During ADR Proceedings</u>

Appellant's opposition brief requests that we issue an order "enforcing" a verbal agreement regarding compensation for damages arising out of the Right of Entry Agreement. Appellant alleges that a verbal agreement was reached during the August 3, 2022, ADR proceedings. (App. opp'n at 1-2) As we discuss below, this Board lacks jurisdiction to grant the relief appellant requests.

Our jurisdiction is governed by the CDA, 41 U.S.C. §§ 7101-7109. It is undisputed that GLJ's appeal, and our jurisdiction here, arises out of the Land Lease, not the Right of Entry Agreement (SOF ¶ 1). The verbal agreement GLJ requests we enforce here is based upon alleged damages arising out of the Right of Entry Agreement, not the Land Lease (SOF ¶ 4).

Pursuant to the CDA, our jurisdiction is "dependent upon the contractor's submission of its claim to the [contracting officer] and a final decision on, or the deemed denial of, the claim." *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816 (citing 41 U.S.C. § 7103-7105; *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327-28 (Fed. Cir. 2010). "[W]here there is no claim, there can be no effective decision from which to appeal." *Sweet Star Logistic Serv.*, ASBCA No. 62082, 20-1 BCA ¶ 37,704 at 183,045 (quoting *Mawaraa AlBihar Co.*, ASBCA No. 58585, 13-1 BCA ¶ 35,426 at 173,783). Although GLJ alleges that a verbal agreement was reached during ADR proceedings in this appeal, the demands or assertions encompassed by that alleged agreement were never the subject of a CDA claim submitted to a contracting officer for a final decision. As such, GLJ's alleged verbal agreement does not meet jurisdictional prerequisites of the CDA. Moreover, as GLJ admits, the verbal agreement was "never formalized into a written contract" (app. opp'n at 1). Accordingly, the verbal agreement does not provide an independent basis upon which this Board would have jurisdiction to issue an order enforcing its terms. *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1370 (Fed. Cir. 2009) (ASBCA's jurisdiction is governed by the CDA, which is a waiver of sovereign immunity and must be strictly construed).

CONCLUSION

The government's motion for summary judgment is granted and the appeal is dismissed with prejudice.

Dated: May 7, 2024

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62964, Appeal of GLJ, Inc., rendered in conformance with the Board's Charter.

Dated: May 7, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

8